THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERCULES MOLEA, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERCULES MOLEA, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELEANOR MOLEA, Defendant.

City Court of New Rochelle, April 22, 1948.

*Aaron Simmons, Corporation Counsel (Murray C. Fuerst* of counsel), for plaintiffs.

*Joseph F. Gagliardi* for defendants.

Fasso, J. Pursuant to an order of Honorable Frank H. Coyne, Justice of the Supreme Court of the State of New York, the defendant Hercules Molea and the defendant Eleanor Molea appeared in this court on April 12, 1948, at which time the defendants, through their attorney, submitted for the consideration of the court various motions with respect to the informations filed against them.

With regard to the informations which charge the defendants with a violation of section 986 of the Penal Law of the State of New York, the defendants moved for a dismissal on the ground that the allegations in the information were not sworn to before a judge of this court. Section 3 of the City Court Act of the City of New Rochelle (L. 1931, ch. 499) specifically provides that the clerk of the court " shall have the power to administer oaths * * * and when an information that a crime has been committed is laid before the court, he shall have the power to take and certify the information * * *." The informations, therefore, even as counsel for the defendants conceded in his brief, may not be attacked on this ground.

There remains for consideration the motions of the defendant, Hercules Molea, relative to the information in which he is charged with a violation of section 970 of the Penal Law. The first ground urged for a dismissal of this information is that it was sworn to before the clerk of the court. The view of the court of this objection has been adequately expressed. Secondly, the defendant maintains that this information should be dismissed on the ground that it is based upon information and

belief and that the sources of information and grounds for belief are not set forth. A careful examination of the information reveals that it is not based upon information and belief; rather, it sets forth many specific allegations of fact and based on those facts, the information states as a conclusion "upon information and belief, based on the aforementioned facts and personal observation, the only means of the defendant's livelihood is gambling." In other words, the information describes the conduct of the defendant over a period of time and concludes that it is the belief of the complainant, based on that conduct and personal observation, that the defendant is a common gambler. Even if the information were regarded as based on information and belief, it would nevertheless be sufficient, for the sources of information and grounds for belief are adequately set forth in the information which, as stated, recites that it is "based on the aforementioned facts and personal observations". Furthermore, the rule which renders a charge or an information which is based on information and belief a nullity is predicated on the reasonable and necessary principle that no person shall be charged with a crime on purely hearsay statements and allegations. The information before the court violates neither the rule nor the reasons for which the rule was formulated.

The defendant also moves to strike from the information which deals with a violation of section 970 of the Penal Law all the allegations which relate to his prior convictions on the ground that they are surplusage. The question presented is a novel one. It is necessary for decision to consider the nature of the crime with which the defendant has been charged. The Court of Appeals of the State of New York has held that there is a difference between casual gambling by individuals and gambling as a business or profession. The latter is regarded as a crime while the former is not. (*Watts* v. *Malatesta*, 262 N. Y. 80.) To allege that a person is a common gambler would be, according to established rules of pleading, to set forth a naked conclusion, to which a defendant would have a valid objection on the ground the ingredients of the crime have not been stated. (*People* v. *Fornaby*, New Rochelle City Court, March 19, 1946, FASSO, J.) The information now before the court sets forth the ultimate facts upon which the People will rely to prove the defendant is a common gambler and this meets the requirement that ultimate facts, and not conclusions, must be set forth in a pleading. Moreover, it serves to apprise the defendant

of the exact nature of the charge against him so that he can more completely prepare for trial.

It is to be noted that there are situations analogous to the one being considered. For example, in connection with charges of disorderly conduct, it is necessary to set forth the specific acts which constitute the offense. Again, with respect to the crime of reckless driving, allegations of specific conduct and action must be alleged. The same principle obtains with regard to many, if not most, crimes, such as larceny, robbery, rape and the like, for it is necessary in such cases to set forth the ultimate facts which constitute the crime.

Perhaps worthy of mention is the view of the court that the allegations set forth in the information are not prejudicial to the defendant for, upon the trial, evidence in support of them will, in any event, be presented. If there is any prejudice or disadvantage, it is on the side of the People, for the information, with its specific allegations of prior offenses, serves to inform the defendant as to just what the People intend to prove and why he is charged with being a common gambler.

For the reasons which have been stated, all of the motions of the defendants are denied with appropriate exceptions, and the defendants are ordered and directed to appear in court on Tuesday, April 27, 1948, so that they may plead to the charges pending against them.